*387 KAREN NELSON MOORE,
Dissenting.
The majority holds that the Union’s grievance is not arbitrable because the Company did not “agree[ ] to give the arbitrator the power to make the award that, in this case, the Union seeks.” Maj. Op. at 386. However, the arbitrator’s authority to resolve a dispute does not turn on whether the parties have requested a precise remedy, which the arbitrator in its discretion may or may not award. I believe that the dispute involving the Company’s compliance with the pension provisions of the CBA was arbitrable under the Agreement’s terms, and I therefore respectfully dissent.
It is true, as the majority asserts, that neither party may “be forced to arbitrate any dispute that it has not obligated itself by contract to submit to arbitration.” United Steelworkers v. Mead Corp., Fine Paper Div., 21 F.3d 128, 131 (6th Cir.1994). But the Company and the Union did obligate themselves under the terms of the CBA to arbitrate grievances that failed to reach resolution through more informal dispute-resolution processes. “Grievance” is a broadly defined term: it covers any “complaint or request of an employee which involves the interpretation or application of, or compliance with, the provisions of this Agreement.” R. 1-2 (CBA at 43) (Page ID # 53) (emphasis added). The gravamen of the Union’s complaint was that the Company was no longer in compliance with the pension provisions of Appendix A. Thus, because informal resolution processes failed, the Union’s complaint appears to be a grievance subject to arbitration.
My fundamental disagreement with the majority is over its interpretation of the provision of the CBA that describes the arbitrator’s authority. The CBA provides that an impartial arbitrator “shall have jurisdiction and authority to interpret and apply the provision of this Agreement insofar as shall be necessary to the determination of such grievance, but he shall not have jurisdiction or authority to alter in any way the provision of the Agreement.” Id. at 46-47 (Page ID # 56-57). The majority asserts that the final clause of this provision excludes a complaint from an arbitrator’s authority if a party proposes a desired remedy in addition to making a complaint and if the proposed remedy would require a change in the terms of the CBA. In adopting this interpretation, the majority assumes that the arbitrator would accede to the Union’s request for a specific remedy — namely, the transfer of pension payments to flat wage payments — and concludes that, because the requested remedy would exceed the scope of the arbitrator’s authority, the grievance need not be submitted to arbitration at all.
But the majority’s assumption impermis-sibly invades the arbitrator’s jurisdiction. An arbitrator is not cabined by the “ ‘technical limits of the submission.’ ” See Bhd. of Locomotive Eng’rs & Trainmen v. United Transp. Union, 700 F.3d 891, 902 (6th Cir.2012) (quoting Johnston Boiler Co. v. Local Lodge No. 893, Int’l Bhd. of Boilermakers, 753 F.2d 40, 43 (6th Cir.1985)). Indeed, “[bjecause the authority of arbitrators is a subject of collective bargaining, just as is any other contractual provision, the scope of the arbitrator’s authority is itself a question of contract interpretation that the parties have delegated to the arbitrator.” W.R. Grace & Co. v. Local Union 759, Int’l Union of the United Rubber, Cork, Linoleum & Plastic Workers, 461 U.S. 757, 765, 103 S.Ct. 2177, 76 L.Ed.2d 298 (1983). Thus, although the Union made a specific request for the pension funds to be redistributed to its members as flat wages, the arbitrator would not be bound to consider only the Union’s *388 proposal. Instead, the arbitrator has the authority to consider a range of available solutions, some of which would not require an alteration in the terms of the CBA.
The majority’s discussion is thus premature. The final clause of the contractual provision at issue is a limitation upon the scope of authority only once a grievance has entered arbitration. It limits the range of remedies an arbitrator may fashion, but not the arbitrator’s threshold ability to consider the grievance. See United Steelworkers v. Timken Co., 717 F.2d 1008, 1014-15 (6th Cir.1983). We may engage in the analysis utilized by the majority here only after the arbitrator makes an award.
To be sure, there may be a narrow class of grievances that are beyond the authority of the arbitrator because they can be settled only by imposing new terms. However, such grievances arise when the parties seek resolution of issues entirely neglected by the CBA. See Pennsylvania Power Co. v. Local Union # 272, IBEW, 886 F.2d 46, 48 (3d Cir.1989) (compensation for a newly created welder position); Lodge 802, Int’l Bhd. of Boilermakers v. Pennsylvania Shipbuilding Co., 835 F.2d 1045, 1046 (3d Cir.1987) (wages for a new job duty not addressed in the CBA). The Union does not seek for the arbitrator to supply “new” terms here, but rather to interpret the existing terms in light of an unanticipated situation. See Pennsylvania Power Co., 886 F.2d at 48 (concluding that a clause similar to the one at issue in the instant case “limit[ed] the scope of arbitra-ble issues to those involving the interpretation or application of terms and conditions of employment that the parties have themselves agreed to in their contract ”) (internal quotation marks omitted and emphasis added). The parties agreed here that the Company would pay wages and pension funds in defined amounts, and the arbitrator must interpret how those terms will operate now that the Pension Trust has become unavailable.
This deference to the arbitrator’s authority is consistent with the “strong presumption” of arbitrability applied to complaints arising under broad arbitration clauses. Teamsters Local Union No. 89 v. Kroger Co., 617 F.3d 899, 905 (6th Cir.2010); see also Mead, 21 F.3d at 131. The Company cannot overcome this presumption because the CBA does not expressly exclude complaints with impermissible proposed remedies from arbitration. See Mead, 21 F.3d at 131. Nor is there other “forceful evidence of a purpose to exclude the claim from arbitration.” AT & T Techs., Inc. v. Commc’ns Workers, 475 U.S. 643, 650, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986) (internal quotation marks omitted).
Our “limited function” as a federal court “is to ascertain whether the party seeking arbitration is making a claim which on its face is governed by the contract.” United Steelworkers v. Saint Gobain Ceramics & Plastics, Inc., 505 F.3d 417, 419 (6th Cir.2007) (en banc) (internal quotation marks omitted). At this point, I cannot say “with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.” AT & T Techs., Inc., 475 U.S. at 650, 106 S.Ct. 1415. Therefore, the claim is arbitrable, and the district court erred in granting summary judgment in favor of the Company. I would instead grant summary judgment in favor of the Union and compel the Company to enter arbitration. Accordingly, I respectfully dissent.